UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.                                                    Docket No. 25-CR-32

WILLARD PERRY,
        Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

On February 13, 2026, Defendant Willard Perry pleaded guilty to possession of child

sexual abuse material (CSAM), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2).  The

Court has scheduled the defendant's sentencing hearing for July 24, 2026.  The government

submits this memorandum to outline its position on sentencing.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed in

the Plea Agreement that the Court should impose a sentence of no less than 49 months'

imprisonment.  Specifically, for the reasons set forth below, the government respectfully requests

that the Court impose a sentence of 97 months' imprisonment, which represents the bottom of

the applicable United States Sentencing Guidelines (USSG or the Guidelines) range of

imprisonment, with a significant period of supervised release to follow.[1]

A.      Factual Background

On March 12, 2025, law enforcement executed a search warrant at the defendant's

residence in Milton, Vermont.  Presentence Investigation Report (PSR) ¶¶ 8, 10.  Law

enforcement recovered an HP Pavilion desktop computer belonging to the defendant.  PSR ¶ 8.

---

[1]     The government also anticipates requesting that the Court impose restitution in this case.
The government requests, pursuant to 18 U.S.C. § 3664(d)(5), that if restitution is not readily
ascertainable sufficiently in advance of sentencing, that the Court hold a hearing within 90 days
of sentencing for a final determination of the restitution that the defendant owes.

On the computer, law enforcement readily observed multiple instances of webpages displaying CSAM. PSR ¶ 8(c). Law enforcement seized the computer for further analysis. PSR ¶ 11. While conducting the search at the residence, law enforcement also interviewed the defendant. PSR ¶ 10. Among other items, the defendant admitted to viewing CSAM on his computer and acknowledged that the CSAM belonged to him. *Id.*

Law enforcement conducted a forensic review of the defendant's computer. PSR ¶ 11. The review of the computer revealed over 1,500 videos and over 50,000 images of CSAM. *Id.* The CSAM on the defendant's computer depicted minors who had not attained the age of 12 as well as children bound and blindfolded while being sexually assaulted. PSR ¶¶ 8(d), 18, 20. The review further revealed that the defendant sought out and distributed CSAM on a Tor network hidden service website. PSR ¶¶ 8(e), (f).

B.      Sentencing Guidelines

The government submits that the Probation Office correctly calculated the defendant's sentencing range under the Guidelines in the PSR. Specifically, the PSR calculated a total offense level of 30 under the Guidelines, which results from a base offense level of 18 pursuant to USSG §2G2.2(a)(1), a two-point enhancement for the offense involving a minor who had not attained the age of 12 years pursuant to USSG §2G2.1(b)(2), a two-point enhancement for the offense involving the knowing distribution of CSAM pursuant to USSG §2G2.2(b)(3)(F), a four-point enhancement for the offense involving material depicting sadistic or masochistic conduct or other depictions of violence pursuant USSG §2G2.2(b)(4)(A), a two-point enhancement for the use of a computer for the possession or distribution of CSAM pursuant to USSG §2G2.2(b)(6), and a five-point enhancement of the offense involving 600 images or more pursuant to USSG §2G2.2(b)(7)(D), for an adjusted offense level of 33. After a three-point

reduction for timely acceptance of responsibility pursuant to USSG §3E1.1, the PSR, as noted above, found a total offense level of 30.  PSR ¶¶ 16-30.

Based on the defendant's criminal history, the PSR correctly found the defendant to be in criminal history category I.  PSR ¶¶ 32-36.

Accordingly, the PSR concluded that the Guidelines range of imprisonment is 97 to 121 months.  PSR ¶ 79.

C.      Section 3553(a) Factors

The United States asks the Court to impose a sentence of imprisonment well in excess of the 49-month floor established in the Plea Agreement pursuant to Rule 11(c)(1)(C) to provide just punishment for this offense and to deter the defendant from further harmful conduct. The United States also asks the Court to impose a period of supervised release and anticipates asking the court to order restitution in this case; both are mandatory in this type of offense.

Title 18, United States Code, Section 3553(a) directs the Court to impose a sentence sufficient, but no greater than necessary, to comply with the purposes of sentencing.  Those purposes include the need: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  *Id.*  In determining the sentence, Section 3553(a) directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentencing range as calculated under the applicable Sentencing Guidelines; any pertinent policy statement from the United States Sentencing Commission; the need to avoid unwarranted

3

sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See id*.

The defendant's offense falls squarely within the base offense level and the assessed specific offense characteristics in this case. The defendant possessed CSAM depictions—including those involving prepubescent minors and those involving children bound and blindfolded while being sexually assaulted—that readily earn Guidelines enhancements applied in this case. Further, the defendant used an online communications platform to solicit and exchange CSAM files, justifying additional guidelines enhancements. The assessed enhancements increase the defendant's advisory guidelines range for good reason. "The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is 'a permanent record' of the depicted child's abuse, and 'the harm to the child is exacerbated by [its] circulation.'" *Paroline v. United States*, 572 U.S. 434, 439-40 (2014) (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)). It is apparent that the trauma and resulting harm to the children depicted in CSAM will play out for the rest of their lives.

The Court could find that the United States Sentencing Guidelines for CSAM offenses are higher than necessary to achieve the goals of sentencing in this case, and the Court is free to vary from an advisory guidelines range for policy reasons. Nevertheless, the Court should determine the defendant's sentence based on the relevant Section 3553(a) factors, to include the avoidance of unwarranted sentencing disparities. In this case, the defendant possessed depictions of prepubescent children as well as sadistic conduct towards such children—aggravators not present in all CSAM cases considered by the Court—and he possessed tens of thousands CSAM depictions overall. While the Court could determine that a Guidelines

4

sentence would be greater than necessary in this case, a sentence well in excess of the 49-month minimum established by the parties' plea agreement is readily warranted. The Court should accept the plea agreement and sentence the defendant accordingly.

D.    Conclusion

In sum, the government respectfully requests that the Court sentence the defendant to 97 months' imprisonment, with a significant period of supervised release to follow, by taking into account the sentencing record before the Court in light of the 18 U.S.C. § 3553(a) factors.

Dated at Burlington, in the District of Vermont, July 14, 2026.

Respectfully submitted,

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

By:    /s/ Andrew C. Gilman
       Andrew C. Gilman
       Assistant United States Attorney
       P.O. Box 570
       Burlington, VT 05402-0570
       (802) 951-6725
       Andrew.Gilman2@usdoj.gov